IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. Case 09-cv-01296-PAB-MEH

PAMELA BUTLER,

      Plaintiff,

v.

CITY OF COLORADO SPRINGS, a body corporate and politic, and
STEVEN COX, in his individual capacity,

      Defendants.

_____

**STIPULATED PROTECTIVE ORDER**
_____

Upon consideration of the Motion for Entry of Stipulated Protective Order concerning certain confidential information disclosed during discovery, and it appearing to the Court that sufficient cause exists for the issuance of such Order, it is

ORDERED as follows:

1.    A party may designate as "CONFIDENTIAL" any document or copy thereof produced (including information disclosed pursuant to Fed. R. Civ. P. 26), discovery response (e.g., document, interrogatory response, or deposition testimony), motion, brief, written offers or demands for settlement or documents reflecting settlement discussions, or other materials (or any portion thereof) containing confidential information by clearly marking such document, if the party in good faith contends that the document, response, motion, brief, or other material contains confidential information. Confidential information is: Plaintiff's medical and tax or other financial records; private information of a party such as personal financial information, records of healthcare

providers, home addresses, telephone numbers and similar personal information; employment and personnel records; and any commercially sensitive, proprietary information or information reflecting ongoing settlement discussions.

2. The designation of a document as "CONFIDENTIAL" may be made only by a party, an attorney or paralegal with training in what constitutes confidential information.

3. Discovery responses, motions, briefs (or portions thereof) or other documents designated as "CONFIDENTIAL" shall be kept in the custody of counsel of record for the party receiving the information, and shall not be used except for purposes of this case. Confidential information shall be inaccessible to all persons except counsel of record; paralegals, consultants, or other agents acting under the direct supervision of counsel of record, solely for the purposes of assisting counsel of record with respect to this case; or any witness endorsed by any party or any person whom counsel in good faith considers to be a potential witness, but only insofar as is necessary relative to matters pertaining to the testimony or anticipated testimony of such witness or potential witness.

4. Except pursuant to Court order, no party receiving any discovery response, motion, brief (or portions thereof) or other documents designated "CONFIDENTIAL," or any of their attorneys, consultants, witnesses or agents, shall reveal, display or disclose any such discovery response, motion, or brief (or portions thereof) or other documents except, solely for the purposes of this case, to the parties; to counsel of record; to the paralegals, consultants, or other agents under the direct supervision of counsel of record, solely for the purpose of assisting counsel of record in this case; to any witnesses endorsed by any party or any person whom counsel in good faith considers to be a potential witness, but only insofar as is necessary relative to matters pertaining to

the testimony or anticipated testimony of such witness or potential witness; or at the trial, or at any appeal or other court proceeding in this case.

5.      Confidential information will be filed under seal and will be accompanied by a motion to seal that complies with the requirements of D.C. Colo. LCivR 7.2 and 7.3 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in Nixon v. Warner Communications, Inc., 435 U.S. 589, 598-602 (1978) (applied in United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985) and Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980)).

6.      In disclosing the discovery responses, motions, or briefs (or portions thereof) designated "CONFIDENTIAL," as permitted by paragraphs 3 and 4 above, counsel shall advise the person to whom disclosure is made regarding the terms of this Protective Order and provide such person with a copy of this Protective Order.

7.      All confidential discovery responses, motions, briefs (or portions thereof) or other documents and all reproductions thereof shall be kept in the custody of the counsel to whom the discovery response, motion, or brief (or portion thereof) is produced.

Whenever a deposition involves the disclosure of Confidential Material, the deposition or portions thereof shall be designated as Confidential and subject to this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. The cover page and those portions of the original transcripts that contain Confidential Material shall bear the legend "CONFIDENTIAL – SUBJECT

TO PROTECTIVE ORDER," and shall be bound separately from the non-confidential portions of the transcript.  Any deposition exhibits designated Confidential shall also be bound separately.

Nothing in this Protective Order shall be construed to prevent a party from using confidential information during depositions, during a Court hearing, or at the trial of this matter.  Procedures for the protection of confidential matters at trial, if any, shall be arrived at separately by the parties or otherwise determined by the Court in advance of trial.

Notwithstanding any other provision of this Order to the contrary, no party is precluded from sharing any confidential information or document(s) with any lawfully constituted government or enforcement authority, pursuant to a lawful subpoena, provided, however, that reasonable notice shall be given to the other party prior to any such disclosure.

The inadvertent or unintentional disclosure by the supplying party of confidential materials, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality, either as to the specific material disclosed or as to any other material relating thereto or on the same or related subject matter.

The provisions of this Order shall in no way affect the admissibility of evidence at trial or any preliminary evidentiary proceeding, and this Order shall not be construed as a waiver by any party of any objection that might be raised as to the discoverability or admissibility at trial of any document, information, or testimony.

8. When this litigation has been fully decided, including completion of all possible appellate procedures, all confidential material shall be destroyed or preserved by counsel in a manner which is fully consistent with the spirit of this protective order.  At the end of litigation, counsel will not be required to return the material.

9. Any party may at any time and for any reason seek modification of this Protective Order. This Protective Order can be modified only by written agreement of the parties or by order of this Court. Each party reserves the right to object to any other party's motion or request to modify this Protective Order.

10. A party may object to the designation of certain information as CONFIDENTIAL by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting the court determine whether the disputed information should be subject to the terms of the Protective Order. If such a motion is timely filed, the information shall be treated as CONFIDENTIAL under the terms of this Protective Order and any such information shall be filed under Seal until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

DATED this 6th day of August, 2009, in Denver, Colorado.

BY THE COURT:

  s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| BENEZRA & CULVER, L.L.C. | CITY OF COLORADO SPRINGS OFFICE OF THE CITY ATTORNEY |
| **s/ Seth J. Benezra**<br>_____<br>Seth J. Benezra, Esq.<br>John A. Culver, Esq.<br>274 Union Blvd., #220<br>Lakewood, CO  80228-1835<br>(303) 716-0254<br>sjbenezra@bc-law.com<br>*Attorneys for Plaintiff* | **s/ William B. Bain**<br>_____<br>William B. Bain, Esq.<br>Virginia M. Jeffrey, Esq.<br>City of Colorado Springs<br>Office of the City Attorney<br>P.O. Box 1575, Mail Code 510<br>Colorado Springs, CO 80901<br>(719) 385-5909<br>wbain@springsgov.com<br>gjeffrey@springsgov.com<br>*Attorneys for Defendants* |